PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON M. MCFARLAND, | ) | CASE NO.  1:10cv098 |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| FRANK SHEWALTER, *Warden*, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

Before the Court are *pro se* Petitioner Jon M. McFarland's motion to proceed in forma pauperis and Motion for Appointment of Counsel. ECF Nos. 7 and 8. Based upon the record before it and the applicable law, the Court denies the Motion for Appointment of Counsel without prejudice.[1]

**Discussion**

On January 15, 2010, McFarland sought relief pursuant to a filing under Title 28, United States Code, Section 2254. ECF No. 1. More recently Petitioner has filed a motion requesting the Court appoint counsel to represent him during the habeas proceeding because he is indigent and cannot afford to obtain counsel. ECF No. 8.

**A.**

The Sixth Circuit has held that there is no constitutional right to counsel in habeas proceedings. *McCaleb v. Gansheimer*, 2006 WL 2404068 *6 (N.D. Ohio, 2006) (*citing Cobas v.*

---

[1] The Court believes the motion to proceed *in forma pauperis* was submitted in support of the motion for appointment of counsel and, for that reason, will resolve that motion in this order.

(1:10cv098)

*Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)). Moreover, the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Id.* (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *Id.* (citing *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Id.*; *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich.2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

A prisoner's indigency alone is generally not enough to warrant appointment of counsel. *Murray v. Giarratano*, 492 U.S. 1 (1989) (holding that indigent habeas petitioners have no constitutional right to a court-appointed attorney); *see also, Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993).

**B.**

The instant matter is in its early stages. The only documents filed by McFarland, to date, are his petition and motions to proceed *in forma pauperis* and for the appointment of counsel. None of these *pro se* pleadings make it appear that McFarland's abilities or the complexity of the case require the assistance of counsel to ensure McFarland's access to justice or a reasonable chance at prevailing. See *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002).

2

(1:10cv098)

Based upon the record before the Court, the interests of justice do not require the appointment of counsel for Mcfarland.

## **Conclusion**

For the reasons provided above, the Court denies Petitioner's Motion for Appointment of Counsel without prejudice. Petitioner's accompanying motion to proceed *in forma pauperis* is also denied.

IT IS SO ORDERED.

| | |
|---|---|
| June 9, 2010 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |