UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON M. MCFARLAND, | ) | Case No. 1:10CV98 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| FRANK SHEWALTER[1], Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |
| | ) | |

On January 7, 2010, Jon M. McFarland ("Petitioner"), filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief from a judgment of conviction entered by the Jefferson County, Ohio Court of Common Pleas for four counts of unlawful sexual conduct with a minor in violation of Ohio Revised Code ("ORC.") § 2907.04(A) and (B)(3), with specifications, and one count of pandering sexually oriented matter involving a minor in violation of ORC § 2907.322(A)(1).  The case was referred to the undersigned for the preparation of a Report and Recommendation.  On June 24, 2010, Respondent Frank Shewalter, Warden of the Grafton Correctional Institution in Grafton, Ohio, filed a return of writ. ECF Dkt. #12.  On July 22, 2010, Petitioner filed a traverse.  ECF Dkt. #13.

For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

I.      **PROCEDURAL HISTORY**

   A.      **State Trial Court**

In its September 2007 term, the Jefferson County Grand Jury issued an indictment charging Petitioner with four counts of unlawful sexual conduct with a thirteen year-old in violation of ORC

---

[1]  The warden of Grafton Correctional Institution, where Petitioner is housed, is now Kimberly Clipper.  See http://www.drc.ohio.gov/web/InstAddr.htm.   "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Kimberly Clipper as Respondent.

§ 2907.04(A) and (B)(3) with specifications that he was ten or more years older than the victim. ECF Dkt. #12-5 at 1-3.  The grand jury further indicted Petitioner on one count of pandering sexually oriented matter involving a minor in violation of ORC § 2907.322(A)(1).  *Id.* at 4

On January 14, 2008, Petitioner, with counsel, signed a change of plea form indicating that he was withdrawing his former plea and entering guilty pleas to the indictment.  ECF Dkt. #12-9 at 1.  On that same date, the Jefferson County Court of Common Pleas issued a journal entry indicating that Petitioner had retracted his prior not guilty plea and entered guilty pleas to four counts of unlawful sexual conduct with a minor, with the specifications, and the pandering count.  ECF Dkt. #12-10 at 1-2.  The court further found that Petitioner was the victim's ex-stepfather and that relationship facilitated the offenses.  *Id*. at 2.  The court noted that Petitioner was a MENSA student and was held out as a role model, but took the victim into his home and had sexual conduct with her the first day that she arrived at his home and he took pictures.  *Id.*  The trial court followed the agreed recommendation of the parties and sentenced Petitioner to six years in prison, sentencing him to one year on each of the unlawful sexual conduct convictions and two years on the pandering conviction, with the sentences to run consecutively.  *Id.*  The trial court also informed Petitioner about post-release control and found him to be a Tier II Sexual Offender under Ohio law.  *Id.*

Petitioner did not file a direct appeal.

**B.     Letter Requesting to Withdraw Guilty Plea**

On January 17, 2008, Petitioner wrote a letter to the court requesting to withdraw his guilty plea.  ECF Dkt. #12-11 at 1.  He stated that he did not have an opportunity to carefully consider his plea before entering it because his attorney visited him only two hours before the change of plea and told him that if he did not plead guilty, he would be facing a much longer sentence.  *Id.* He further asserted that his attorney told him that after four years in prison, he could request that his sentence be commuted, but at the plea hearing, the judge told him that he could not ask for judicial release.  *Id.* Petitioner also alleged that his attorney did not adequately represent him because Petitioner did not see all of the evidence against him.  *Id.*  He stated that he did not want to waive his right to a jury trial and he requested that his attorney be dismissed and the court appoint him another attorney.  *Id.*

On January 18, 2008, the trial court reviewed the transcript of the plea hearing in which the court asked Petitioner about waiver of trial rights and satisfaction with his counsel's representation.

ECF Dkt. #12-12 at 1.  The court pointed out that Petitioner was a Mensa student at Franciscan University of Steubenville and had the intellect to understand what the trial court told him.  *Id.*  The trial court noted that Petitioner responded affirmatively to the court's questions regarding whether he understood the rights that he was waiving and Petitioner responded that he was satisfied with how his counsel handled his case.  *Id.* at 2.  Accordingly, the court overruled Petitioner's motion, concluding that Petitioner established no material issue that was not already in the record.  *Id.*

On October 13, 2009, well over one year later, and after the Seventh District Court of Appeals had affirmed the trial court's denials of Petitioner's subsequent motions to withdraw his guilty plea, *see infra*, Petitioner filed a motion for leave to file a delayed appeal of the trial court's order denying his letter requesting to withdraw his guilty plea.  ECF Dkt. #12-27 at 1.

On October 14, 2009, the trial court denied Petitioner's motion to file a delayed appeal.  ECF Dkt. #12-28.

### C.    Motion to Withdraw Guilty Plea

On May 6, 2008, Petitioner filed a motion to withdraw his guilty plea pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure.  ECF Dkt. #12-13 at 1.  Petitioner submitted that his plea was not knowingly, intelligently and voluntarily made because his counsel was ineffective, "conflict-filled" and coerced him into pleading guilty.  *Id.*  Petitioner asserted that his counsel failed to discuss the facts of his case with him; denied him time to discuss the advantages and disadvantages of pleading guilty; did not interview potential witnesses; told him that he would be found guilty and punished with maximum sentences whether he committed the crimes or not; implied to him that the court was engaging in the plea negotiations and would impose more severe penalties if he did not agree to the court's disposition; failed to discuss defenses, tactics, strategies, or the nature and effect of his guilty pleas; and made no effort to produce mitigation evidence at his sentencing hearing.  *Id.* at 2-3.  Petitioner also mentioned that the state of Ohio, the court, and his counsel coerced him into pleading guilty.  *Id.* at 3.

On July 22, 2008, Petitioner filed an amended motion to withdraw his guilty plea pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure.  ECF Dkt. #12-14.  Petitioner asserted that his plea was not knowingly, intelligently and voluntarily made because it was induced by threats from the prosecution and the trial court and was the result of the ineffective assistance of "conflict-

filled" counsel. *Id*. at 1-2. Petitioner reiterated his assertion that he was under the impression from his counsel that the trial court was participating in the plea negotiations and would impose more severe penalties if he did not agree to the negotiations. *Id*. at 2. He also repeated that his counsel was ineffective because he failed to investigate the facts of his case; failed to discuss the case with him; failed to interview potential witnesses; told him that he would be found guilty and would be punished with the maximum sentence regardless of whether he committed the crimes; failed to discuss defenses, tactics, strategies or the nature and effect of guilty pleas. *Id*. He also asserted that: counsel requested unnecessary continuances for counsel's personal convenience and had Petitioner arbitrarily waive his speedy trial rights; and counsel made no effort to produce mitigation evidence at the sentencing hearing. *Id.* at 3-5.

On August 26, 2008, the trial court denied the motions to withdraw, citing to the transcript of the plea hearing where Petitioner stated that he was satisfied with his counsel's performance and counsel had done everything that Petitioner wanted him to do. ECF Dkt. #12-15 at 1.

On September 5, 2008, Petitioner appealed the denial of his motions to withdraw his guilty plea to the Seventh District Court of Appeals. ECF Dkt. #12-16 at 1. Petitioner raised the following assignments of error in his appellate brief:

> I.  THE TRIAL COURT WAS IN ERROR BY NOT BEING AN IMPARTIAL ARBITER AND ADVOCATING FOR THE STATE. <u>REF</u>: AMENDED MOTION TO WITHDRAW GUILTY PLEA (JUL. 22, 2008), MOTION TO WITHDRAW GUILTY PLEA (OCT. 3, 2008) AND JAN. 7, 2008, TRANSCRIPTS.
>
> II. THE TRIAL COURT ERRORED[sic]BY ACCEPTING A PLEA AGREEMENT NEGOTIATED SOLELY IN REGARD TO PUNISHMENT. <u>REF</u>: JAN. 7, 2008, TRANSCRIPTS AND JUDGMENT ENTRY OF SENTENCE.
>
> III. THE TRIAL COURT ABUSED ITS DISCRETION BY DISPOSING OF MOTION TO WITHDRAW WITHOUT GRANTING AN EVIDENTIARY HEARING. <u>REF</u>: CASE DOCKET AND ORDER OVERRULING MOTION TO WITHDRAW PLEA (AUG. 26, 2008).
>
> IV. THE TRIAL COURT FAILED TO MAKE AND FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO THE ALLEGED ISSUES IN THE MOTION. <u>REF</u>: MOTION TO WITHDRAW PLEA (MAY 6, 2008), AMENDED MOTION TO WITHDRAW GUILTY PLEA (JUL. 22, 2008), ORDER OVERRULING MOTION TO WITHDRAW PLEA (AUG. 26, 2008).

ECF Dkt. #12-17 at 5-6.

On August 6, 2009, the appellate court affirmed the trial court's denial of Petitioner's motions to withdraw his guilty plea. ECF Dkt. #12-20 at 2. The court found that Petitioner did not demonstrate that a manifest injustice occurred as Rule 32.1 of the Ohio Rules of Criminal Procedure requires in order to grant such a motion after sentencing. *Id.* at 3. The appellate court noted that Petitioner incorrectly cited to ORC § 2953.21, the statute on postconviction relief, to state the standard of review. *Id.* at 3-4. The court cited Ohio Supreme Court precedent finding that this statute did not govern postsentence motions to withdraw a guilty plea. *Id.* at 3-4 (citations omitted).

The court addressed Petitioner's assignments of error, finding that res judicata applied since Petitioner failed to appeal the denial of his letter requesting the withdrawal of his guilty plea, which the trial court overruled as a motion to withdraw his guilty plea. ECF Dkt. #12-20 at 5-6. The appellate court found that res judicata applied to postsentence motions to withdraw guilty pleas and issues that could have been raised in the first motion are barred from being raised in any subsequent motion. *Id.* at 6. The appellate court reviewed Petitioner's letter, reciting the limited issues that Petitioner raised in the letter regarding his attorney's failure to inform him about the plea and the brief period of time in which he had to decide whether to plead. *Id.* The appellate court noted that Petitioner's letter did not mention threats or coercion by the State of Ohio or the trial court or the numerous other ineffective assistance of counsel issues that Petitioner raised in his subsequent motions to withdraw his guilty plea. *Id.*

The appellate court also addressed Petitioner's assertion that the trial court abused its discretion by denying him an evidentiary hearing on his motion to withdraw. ECF Dkt. #12-20 at 7. The court found that an evidentiary hearing was not necessary in Petitioner's case since res judicata barred the issues in his subsequent motions to withdraw his guilty plea and the record indicated that Petitioner was not entitled to relief. *Id.* The appellate court also cited to an Eighth District Court of Appeals of Ohio case stating that "[t]he trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradict[s] the record." *Id.*, quoting *State v. Yearby*, No. 79000, 2002 WL 120530 (Ohio App. 8th Dist. Jan. 24, 2002).

Finally, the appellate court found no merit to Petitioner's assertion that the trial court erred in failing to make findings of fact and conclusions of law, relying upon state court law holding that a trial court is not required to make and file such findings and conclusions when ruling on a motion

to withdraw a guilty plea pursuant to Rule 32.1.  ECF Dkt. #12-20 at 7-8 (citations omitted).

Petitioner thereafter filed a motion to certify a conflict with the appellate court, but the appellate court denied this motion.  ECF Dkt. #12-21.  Petitioner had asserted that the Seventh District Court of Appeals' opinion applying res judicata to bar all of his subsequent motions for postsentence withdrawal of his guilty plea conflicted with the Eighth District Court of Appeals' decision in *State v. Apanovitch*, 107 Ohio App.3d 82 (Ohio App. 8th Dist. 1995) in which that court held that res judicata is an affirmative defense that is waived unless raised in a responsive pleading. ECF Dkt. #12-21 at 2.  The Seventh District Court of Appeals held that no conflict existed between the two decisions since *Apanovitch* dealt with petitions for postconviction relief and not a motion to withdraw a guilty plea.  *Id.*  The Seventh District court pointed out that postconviction relief petitions are collateral civil attacks on the judgment and not criminal in nature.  *Id*.

The Seventh District also addressed Petitioner's assertion that the appellate court substituted its judgment for that of the trial court when the appellate court found that the trial court's denial of his January 2008 letter was the denial of a motion to withdraw a guilty plea.  ECF Dkt. #12-21 at 3.  Petitioner had asserted that this decision was in conflict with the Third District Court of Appeals' decision in *State v. Coats*, Nos. 10-09-04, 10-09-05, 2009 WL 2159687 (Ohio App. 3rd Dist. July 20, 2009) which held that a reviewing court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard.  *Id*. The Seventh District found no conflict of law with the *Coats* case as both courts had applied the abuse of discretion standard.  *Id*.  The court indicated that if Petitioner believed that it had misapplied that standard, he should appeal to the Supreme Court of Ohio.  *Id*.

Finally, the Seventh District Court of Appeals indicated that although he filed his motion as one to certify a conflict, Petitioner was really asking the court to reconsider its determination that his January 2008 letter was a postsentence motion to withdraw his guilty plea.  ECF Dkt. #12-21 at 3.  The appellate court applied the motion to reconsider standard of review and addressed Petitioner's assertion that it had not considered that the trial court had captioned its ruling denying his January 2008 letter to withdraw his plea as an "Order Overruling Motion for Post-Conviction Relief."  *Id*.  The appellate court found that although the trial court had incorrectly captioned its decision, the title did not dictate the substance of the ruling.  *Id*. The court stated that had Petitioner

appealed the trial court's denial of his request to withdraw his plea, it would have applied the Rule 32.1 standard and not the postconviction relief standard.  *Id.*

On September 17, 2009, Petitioner filed an appeal to the Supreme Court of Ohio.  ECF Dkt. #12-22. In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

> PROPOSITION OF LAW I:
>
> > A post-conviction relief motion Does not bar by res judicata a subsequent Crim. R. 32.1 Motion to withdraw a guilty plea
>
> PROPOSITION OF LAW II:
>
> > Estoppel of judgment denies a pro se Criminal defendant due process of law.
>
> PROPOSITION OF LAW III:
>
> > Curtailing the "manifest injustice" Requirement of Crim. R. 32.1 with the doctrine of res judicata Deprives a criminal defendant due process of law.

ECF Dkt. #12-23 at 3.  On December 16, 2009, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  ECF Dkt. #12-24 at 1.

### D. **Motion to Withdraw Guilty Plea**

On October 3, 2008, while his appeal of the trial court's denial of his motions to withdraw his guilty plea to the Seventh District Court of Appeals was pending, Petitioner filed another motion to withdraw his guilty plea in the trial court.  ECF Dkt. #12-25 at 1.  Petitioner again asserted that his plea was not knowingly, intelligently and voluntarily made because it was induced by threats by the trial court and found specifically upon the ineffective assistance of his "conflict-filled" counsel. *Id.*  Petitioner restated all of the assertions regarding the invalidity of his plea that he stated in his prior motions to withdraw his guilty plea.  *Id.*

On October 7, 2008, the trial court issued an order overruling Petitioner's motion to withdraw his guilty plea.  ECF Dkt. #12-26.  The trial court found that Petitioner's motion set forth the same allegations as in his May 6, 2008 and July 22, 2008 filings which had all been previously overruled.  *Id.* at 1-2.

## II. **FEDERAL HABEAS CORPUS PETITION**

On January 7, 2010, Petitioner executed the instant petition seeking relief from his state court

conviction.  ECF Dkt. #1.  Petitioner presents the following grounds for relief:

**Ground One:**

Trial judge's threats and participation in plea negotiations coerced the Petitioner to plead guilty in violation of his 5th, 6th, and 14th amendment rights.

**Ground Two:**

Prosecution bargained in bad faith and in violation of the petitioner's 5th and 14th amendment rights.

**Ground Three**:

The trial judge directed the course of the petitioner's defense in violation of 5th, 6th, and 14th amendments rights.

**Ground Four**:

Defense counsel's failure to report the trial judge's conduct and to seek his disqualification in relation to ground one amounts to a violation of petitioner's 5th, 6th, and 14th amendment rights.

**Ground Five**:

Defense counsel's failure to report the prosecution's conduct in ground two amounts to a violation of the petitioner's 5th, 6th, and 14th amendment rights.

**Ground Six**:

Defense counsel's failure to investigate and to interview witnesses deprived the petitioner of his 5th, 6th, and 14th amendment rights.

**Ground Seven**:

Defense counsel's failure to advocate the petitioner's cause deprived the petitioner of his 5th, 6th, and 14th amendment rights.

**Ground Eight**:

Defense counsel's fabrication of mitigating circumstances on January 7, 2008, denied the petitioner his 5th, 6th, and 14th amendment rights.

ECF Dkt. #1.  On June 24, 2010, Respondent filed his Answer/Return of Writ.  ECF Dkt. #12.  On July 22, 2010, Petitioner filed a traverse.  ECF Dkt. #13.

### III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional

claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The Antiterrorism and Effective Death Penalty Act of 1996's statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date that judgment became final. 28 U.S.C. § 2244(d)(1). In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

If a petitioner's federal habeas corpus petition overcomes the statute of limitations hurdle, the procedural issues of exhaustion and procedural default apply.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1) whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2) whether the state courts actually enforced the state procedural sanction;
>
> (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000)(where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

## IV.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and

procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 7, 2010, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules

of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## V.  ANALYSIS

### A.  Procedural Default

Respondent asserts that Petitioner has procedurally defaulted the grounds for relief that he presents in his federal habeas corpus petition.  ECF Dkt. #12 at 10-13.

The undersigned recommends that the Court find that Petitioner's first, second, and third grounds for relief in the instant petition are barred by procedural default as they concern issues that Petitioner did not raise in his first motion to withdraw his guilty plea and the appellate court applied res judicata to bar consideration of these claims.  ECF Dkt. #1 at 6, 8, 9.  In his first ground for relief, Petitioner alleges that trial court threats and participation in plea negotiations coerced him into pleading guilty in violation of his federal constitutional rights.  ECF Dkt. #1 at 6.  In his second ground for relief, Petitioner argues that the prosecution bargained in bad faith and misrepresented its powers in violation of his federal constitutional rights by using the threat of the maximum sentence to keep him from exercising his rights.  *Id.* at 8.  Petitioner's third ground for relief avers

that the trial court directed the course of his defense by participating in plea negotiations and coercing his plea. *Id.* at 9.

Petitioner did not raise issues regarding trial court and prosecutorial coercion and misconduct in his January 2008 letter requesting to withdraw his guilty plea. ECF Dkt. #12-11.  Petitioner did raise similar issues regarding trial court and prosecutorial coercion and misconduct in his subsequent May 6, 2008 motion to withdraw his guilty plea, his July 22, 2008 amended motion to withdraw his guilty plea, and on appeal of the trial court's denial of his motions to withdraw his guilty plea.  ECF Dkt. #12-13 at 3-4; ECF Dkt. #12-14 at 1-3; ECF Dkt. #12-17 at 7.

However, the appellate court affirmed the trial court's denial of Petitioner's motions to withdraw, ruling that res judicata barred Petitioner's claims.  ECF Dkt. #12-20 at 5-7.  The appellate court deemed Petitioner's January 2008 letter a motion to withdraw his guilty plea and found that Petitioner could and should have raised issues regarding trial court and prosecutorial coercion and wrongdoing in this first motion to withdraw and he should have appealed the denial of this motion to withdraw.  *Id*. The appellate court cited to caselaw holding that res judicata bars an appeal from a trial court's denial of a second postsentence motion to withdraw a guilty plea when the defendant failed to appeal the denial of his first such motion.  *Id*. at 6 (citations omitted).  Petitioner appealed the decision to the Ohio Supreme Court, but that court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. ECF Dkt. #12-24 at 1.

The unexplained order of the Supreme Court of Ohio is presumed to rest upon the same grounds as the last reasoned state judgment of the appellate court in this case.  *See Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996) citing *Ylst*, 501 U.S. at 803( "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the *same ground*.")(emphasis added).  Thus, the undersigned looks at the appellate court's application of res judicata to bar Petitioner's assertions of error that are contained in the first three grounds for relief.

The undersigned recommends that the Court find that the first and second prongs of procedural default under *Maupin* are met as the state appellate court found that Petitioner should have raised claims regarding trial court and prosecutorial misconduct and coercion in his first motion to withdraw his guilty plea and the state appellate court actually enforced this state procedural

sanction.  *See Lundgren v. Mitchell*, 440 F.3d 754, 765, fn. 2 (6th Cir. 2006).  The Court should further find that the third *Maupin* factor is met as res judicata is an "adequate and independent" state ground on which the state can foreclose federal review.  *Smith v. Anderson,* 104 F.Supp.2d 773, 793 (S.D. Ohio 2000).  Accordingly, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his first, second, and third grounds for relief.

The undersigned further recommends that the Court find that Petitioner has procedurally defaulted his fourth and fifth grounds for relief.  Petitioner asserts in these grounds that his defense counsel at trial failed to report the alleged misconduct of the trial court and the prosecution and failed to seek the trial court's disqualification, which resulted in a violation of his federal constitutional rights.  ECF Dkt. # 1 at 11-13.  However, Petitioner did not raise such issues in his January 2008 letter requesting to withdraw his guilty plea and he failed to raise such issues in his May 6, 2008 motion to withdraw his guilty plea.  ECF Dkt. #12-11; ECF Dkt. #12-13.

Respondent states that Petitioner raised his fourth ground for relief, ineffective assistance of counsel in failing to report and seek disqualification of the trial judge, in his July 22, 2008 amended motion to withdraw his guilty plea.  ECF Dkt. #12 at 13.  However, the undersigned's review of that motion does not confirm the raising of this specific issue by Petitioner.  ECF Dkt. #12-14.  In this motion, Petitioner does cite to cases that he believes that his counsel should have been familiar with regarding trial court participation in plea bargaining and trial court coercion by threat of a greater sentence.  *Id.* at 4-5.

Nevertheless, as to both his fourth and fifth grounds for relief, Petitioner did not appeal the ruling on his first motion to withdraw his guilty plea to the Ohio appellate court and he failed to appeal these two issues to the Seventh District Court of Appeals when he appealed the trial court's denials of his subsequent motions to withdraw his guilty plea.  ECF Dkt. #12-17.  Thus, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his fourth and fifth grounds for relief based upon Ohio's res judicata doctrine.

In his sixth ground for relief, Petitioner alleges that his trial counsel was ineffective because he failed to investigate beyond the prosecution's discovery and he failed to contact and interview witnesses.  ECF Dkt. #1 at 13.  Petitioner failed to raise this claim in his first motion to withdraw his

guilty plea, and while he raised it in his subsequent motions to withdraw his guilty plea, he failed to raise this issue as an assignment of error when appealing the denial of his motions to withdraw his guilty plea.  ECF Dkt. #12-13 at 2-3; ECF Dkt. #12-14 at 2-3.  Thus, the undersigned recommends that Petitioner has procedurally defaulted his sixth ground for relief as well.

Petitioner's seventh ground for relief is arguably raised in his January 2008 letter requesting to withdraw his guilty plea.  Petitioner asserts in this ground for relief that his trial counsel failed to advocate his cause and decided that Petitioner should plead guilty before seeing any evidence or investigating the case.  ECF Dkt. #1 at 14.  Petitioner did state in the January 2008 letter that "[m]y family has also told me that my attorney said he was going to make sure I took the offered plea bargain." ECF Dkt. #12-11.  Respondent asserts that Petitioner raised this claim in his appeal of the denial of his subsequent motions to withdraw his guilty plea.  ECF Dkt. #12 at 10.  Respondent provides no citation to the portion of the appellant brief where this issue is raised and the undersigned's review of the brief does not confirm the raising of this specific issue by Petitioner. ECF Dkt. #12-17.  Petitioner does assert in his appellate brief that the trial court's conduct violated his right to the effective assistance of counsel by interfering with counsel's ability to make independent decisions about how to conduct the defense.  *Id*. at 18.

Even accepting that Petitioner adequately raised the issue presented in the seventh ground for relief in his January 2008 letter and on appeal of the denial of his motions to withdraw his guilty plea, there is no record showing that he appealed this claim to the Supreme Court of Ohio.  ECF Dkt. #12-23.  Accordingly, the Court should find that Petitioner has procedurally defaulted his seventh ground for relief as he failed to raise it to the Ohio Supreme Court.

Moreover, Petitioner did not raise any other issues regarding the alleged ineffectiveness of his trial counsel to the Seventh District Court of Appeals on appeal of the denial of his motions to withdraw his guilty plea, including that presented in his eighth ground for relief. ECF Dkt. #12-17. For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his sixth, seventh, and eighth grounds for relief.

### **B**.        **Cause and Prejudice/Fundamental Miscarriage of Justice**

Petitioner asserts that if the Court finds that the appellate court properly applied res judicata

to bar his claims, the Court should excuse his procedural default due to the ineffectiveness of his counsel.  ECF Dkt. #13 at 25.  Petitioner asserts in his Traverse that his trial counsel did not timely return his messages regarding his desire to withdraw his guilty plea immediately after he entered the plea.  *Id*.  Petitioner further asserts that he was delayed from further action because he was transferred to another institution, and that the state public defender's office relayed misadvice about filing a second motion to withdraw his guilty plea.  *Id*. at 25-28.

The undersigned recommends that the Court find that Petitioner's assertions of cause are not adequate to excuse his procedural default.  First, Petitioner fails to explain why he did not raise the particular allegations of ineffective assistance of counsel that he presents as cause before this Court in his numerous motions to withdraw his guilty plea or in any other post-conviction petition. Petitioner makes numerous statements of ineffective assistance of his trial counsel in his January 2008 letter, his May 2008 motion to withdraw his guilty plea, and in his amended motion to withdraw his guilty plea.  ECF Dkt. #12-11; ECF Dkt. #12-13; ECF Dkt. #12-14.  However, nowhere in these motions does he assert that his trial counsel was ineffective because he failed to respond immediately to messages about withdrawing the guilty plea.  In addition, even if he had, a petitioner cannot use ineffective assistance of post-conviction counsel as cause to excuse a procedural default because there is no constitutional right to an attorney in such state post-conviction proceedings. *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005)(indicating that federal habeas corpus petitioner cannot use post-conviction counsel's ineffectiveness as cause to excuse his procedural default), citing and quoting *Byrd v. Collins,* 209 F.3d 486, 515 (6th Cir. 2000); *see also Gilbert v. Hudson*, 2009 WL 3246978, at *17 (N.D. Ohio Oct. 5, 2009), unpublished (post-plea or post-sentence motions to withdraw guilty plea under Rule 32.1 of Ohio Rules of Criminal Procedure are not critical stages of the proceedings at which a defendant is entitled to counsel.).

Further, the exhibits that Petitioner attaches to his federal habeas corpus petition and his Traverse belie his assertions of ineffective assistance of counsel as an excuse for his procedural default.  Included in his attachments is a letter to Petitioner from his counsel dated January 14, 2008, the same day that Petitioner entered his guilty plea, in which counsel indicated that he had received a message from Petitioner's mother relating that Petitioner wanted to withdraw his guilty plea.  ECF Dkt. #13 at 55.  Petitioner's trial counsel indicates in the letter that it is "legally almost impossible"

to withdraw a guilty plea after sentencing, but he requests that Petitioner write him with reasons why he wants to withdraw his plea. *Id.* Petitioner also attached a letter dated January 24, 2008 in which counsel indicates that he is responding to Petitioner's January 22, 2008 correspondence. ECF Dkt. #1-2 at 4. Counsel indicated that he wished to "correct a few statements" that Petitioner had made in his January 22, 2008 letter to counsel. *Id.* Further correspondence between Petitioner, his mother, and Petitioner's trial counsel attached to Petitioner's federal habeas corpus petition and his Traverse shows that Petitioner's trial counsel responded in a more than reasonable amount of time and that very divergent versions exist as to the facts that transpired before the guilty plea. *Id. at* 56-66.

Petitioner further states in his Traverse that "[t]here can be no doubt that the petitioner wished to go to trial." ECF Dkt. #13 at 29. However, the transcript of the plea colloquy establishes that upon being informed of the rights that he was waiving by pleading guilty, including the right to have a trial by jury, Petitioner knowingly, voluntarily, and intelligently waived those rights. ECF Dkt. #12-18 at 18-33. Moreover, the plea transcript shows that Petitioner acknowledged that he was not coerced into pleading guilty and that he was satisfied by the representation of counsel. *Id.* In fact, when the trial court asked Petitioner if his counsel had done everything that Petitioner asked of him, Petitioner responded that counsel had. *Id.* at 32. When the trial court asked if there was anything that his counsel could do or ought to have done, such as talking to a witness or filing a motion, Petitioner responded that there was not. *Id.*

Accordingly, the undersigned recommends that the Court find that Petitioner fails to present sufficient cause to excuse his procedural default of the grounds for relief before this Court.

Petitioner further asserts in his Traverse that a fundamental miscarriage of justice would exist if his grounds for relief were not reviewed and he asserts that he is actually innocent. Based upon a review of the plea colloquy, the undersigned recommends that the Court find no merit to Petitioner's claims of constitutional violations during his plea colloquy, as more fully addressed below. ECF Dkt. #12-18 at 20-38. Thus, the Court should find that no fundamental miscarriage of justice would occur should the Court decline to address his grounds for relief. Moreover, the undersigned recommends that the Court find that Petitioner presents no support for his assertion that he is actually innocent as he merely states that he has maintained his innocence throughout the proceedings and has not been given the opportunity to show his actual innocence. ECF Dkt. #13 at

30.  Further, the plea colloquy transcript shows that Petitioner admitted that he engaged in sexual conduct with a minor on four occasions and took sexually explicit photographs of the minor and uploaded them to his computer.  ECF Dkt. #12-18 at 24-26.

### C.    Merits Analysis

Should the Court choose to find that Petitioner has not procedurally defaulted his grounds for relief, or finds that he has shown sufficient cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, the undersigned recommends that the Court deny his grounds for relief on their merits.

Petitioner's first, second, third and seventh grounds for relief relate to alleged trial court and prosecutorial coercion and misconduct which he asserts impacted the validity of his guilty plea and resulted in the ineffective assistance of his trial counsel.  ECF Dkt. #1 at 6-13.  Petitioner refers to exhibits that he attached to his federal habeas corpus petition, which include his own affidavit and the affidavits of his mother and his aunt.  ECF Dkt. #1; ECF Dkt. #1-2 at 1-4.  He also attaches copies of letters to and from his counsel.  *Id*. at 5-7.  The affidavits indicate that Petitioner's counsel was shocked and informed Petitioner, his mother and his aunt that the trial judge threatened him by telling him that Petitioner had to plead guilty or the trial court would "punish" Petitioner by imposing more time in prison.  *Id.*

To be valid, a guilty plea must be made voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  The plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *King*, 17 F.3d at 153. The defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea.  *King*, 17 F.3d at 153; *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir.1983). Determining whether a plea was made voluntarily requires an evaluation of all the relevant circumstances surrounding the plea.  *King*, 17 F.3d at 153; *Caudill v. Jago*, 747 F.2d 1046, 1050 (6th Cir.1984); *Brown,* 718 F.2d at 786.  The "ultimate question" is if the plea was in fact voluntary and intelligent.  *King*, 17 F.3d at 153; *Pitts v. United States*, 763 F.2d 197, 200 (6th Cir.1985).

When a federal habeas corpus petitioner challenges the validity of his guilty plea, the state generally satisfies its burden of showing that the plea was intelligent and voluntary by producing a transcript of the state court proceedings. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.), *cert. denied*, 543 U.S. 892 (2004); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir.1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. *Garcia*, 991 F.2d at 326-327, citing *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989), *cert. denied*, 494 U.S. 1061, 110 S.Ct. 1539, 108 L.Ed.2d 778 (1990), overruled on other grounds by *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). If the transcript is inadequate to show that a plea was voluntary and intelligent, the presumption of correctness no longer applies. *Garcia*, 991 F.2d at 327. "The petitioner must overcome a heavy burden if this court is to overturn state court findings." *Id.*, citing *Parke*, 506 U.S. 20, and *Dunn*, 877 F.2d 1275. "Solemn declarations in open court" made by a criminal defendant during a plea hearing "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Thus, a criminal defendant's statement on the record "that he had not been coerced or threatened into pleading guilty ... is strong evidence of the voluntariness of his plea." *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir.1991).

The undersigned recommends that the Court find that the transcript of the plea colloquy and the letters from his counsel belie Petitioner's allegations of an invalid plea and trial court, prosecutorial, and defense counsel coercion of a plea. Petitioner was given numerous opportunities to inform the trial court at his plea hearing that he did not want to plead guilty and wanted to go to trial, and that he was not satisfied with his counsel's representation. He did not do so and in fact stated just the opposite.

Petitioner's counsel informed the court that Petitioner wished to plead guilty after counsel had explained all of the rights that Petitioner was waiving by doing so and the possible penalties that Petitioner could face. ECF Dkt. #12-18 at 20-21. After his counsel so informed the court, the court asked Petitioner if he had heard what his counsel had said and whether that was what Petitioner expected to hear when he came into court that afternoon. *Id.* at 21. Petitioner responded that he had heard what his counsel said and it was what he had expected to hear. *Id.* When the trial court asked Petitioner if what his counsel had said regarding Petitioner pleading guilty was what he wanted to

do, Petitioner responded yes. *Id*. at 21-22.

The trial court thereafter thoroughly reviewed the rights that Petitioner was waiving by pleading guilty, including his right to a trial by jury, to confront the witnesses against him, and to remain silent. ECF Dkt. #12-18 at 20-32. The trial court specifically informed Petitioner that he could still go forward with a trial and the court would appoint him counsel to represent him at trial if he still wished to go to trial. *Id*. at 29-30. The court told Petitioner that by pleading guilty, he would be waiving this right and there would not be a trial. *Id*. at 30. Petitioner indicated that he understood. *Id.* Moreover, the trial court asked Petitioner if he was entering the plea voluntarily, and Petitioner stated that he was. *Id*. at 22. Petitioner also stated that he was not promised anything other than what was stated on the record and he was not threatened or coerced into pleading guilty. *Id*. at 22-23. The plea colloquy transcript establishes strong evidence of the voluntariness of Petitioner's plea and lack of coercion by the trial court, prosecution, and defense counsel.

Petitioner asserts that the prosecution acted in bad faith and in violation of his constitutional rights by bargaining solely in regard to the punishment to be imposed. ECF Dkt. #1 at 8. Petitioner indicates that the prosecution threatened him with the maximum sentence, which coerced his plea, and deprived him of his right to lawfully appeal. ECF Dkt. #1 at 8.

The prosecutor indicated at the plea hearing that but for sparing the young victim from testifying against her former stepfather, she "would be fully prepared to go to trial and ask that he [Petitioner] receive a maximum sentence." ECF Dkt. #12-18 at 35. The undersigned recommends that the Court find that the prosecution was merely indicating that she was prepared to go to trial if Petitioner would decide not to plead guilty and indicating that she would seek the maximum sentence that Petitioner was subjected to under the law. Even if this statement or any other similar statements could be perceived as a threat, the United States Supreme Court has found that such assertions are "constitutionally legitimate." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The *Bordenkircher* Court held that "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable' - and permissible- 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Id*. at 364, quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

In addition, Petitioner had the opportunity at the plea colloquy to raise any alleged threats, but instead told the trial court that he was not coerced or threatened in any way to plead guilty.  ECF Dkt. #12-18 at 33.  The trial court also informed Petitioner that the maximum sentence that he could receive was 28 years in prison for all of the crimes and that even though the prosecution and defense had agreed to a sentence of 6 years in prison for the crimes, the trial court could disregard that agreement and sentence Petitioner to the maximum term.  *Id*. at 23.  Petitioner indicated that he understood and he proceeded to continue with entering a guilty plea.  *Id*.

Petitioner relies upon his own self-serving affidavit and the affidavits of two of his relatives to support his allegations. ECF Dkt. #1-2 at 2-3.  These affidavits state that defense counsel indicated that he was "shocked" because he "never had a judge tell him what to do before." *Id*.  The affidavits also indicate that defense counsel indicated that Petitioner had no other choice but to plead guilty as the trial court indicated that he would impose a harsher sentence.  *Id*.  However, Petitioner also attaches letters from his counsel, which conflict with such statements, especially the January 24, 2008 letter from counsel in which he states that "I never stated or even implied that you had no choice." ECF Dkt. #1-2 at 6.  Counsel also stated that "In the middle of your plea hearing, you could have stopped and demanded a trial.  The court specifically asked you whether you were acting knowingly and voluntarily." *Id*.  Counsel had also informed Petitioner in his letter that "there was no sudden rush to be in front of the judge."  ECF Dkt. #1-2 at 5.  Counsel's letters fail to show that the trial court did anything more than state that Petitioner would likely receive a more than the six-year recommended sentence that the defense and prosecution had agreed upon if Petitioner did not accept the plea.  Counsel's letter also states that counsel told Petitioner to think about pleading and accepting the six-year agreed to sentence by the prosecution as the trial court indicated that Petitioner would most likely receive a more severe sentence if he decided to go to trial and the prosecution stated that she would argue for the maximum sentence if Petitioner proceeded to trial.  *Id*. at 4.

For the above reasons, the undersigned recommends that the Court find that Petitioner has not overcome the heavy burden of showing that his plea was involuntary as the plea transcript  more than adequately shows that the plea was voluntarily, intelligently and knowingly made and shows no sign of trial court, prosecutorial or defense counsel coercion or misconduct.  Accordingly, the undersigned recommends that the Court find no merit to Petitioner's first, second, and third grounds

for relief.

Consequently, the undersigned also recommends that the Court find no merit to Petitioner's fourth and fifth grounds for relief alleging the ineffective assistance of defense counsel in failing to report trial court and prosecutorial coercion.  ECF Dkt. #1 at 11-14.  Since the undersigned recommends that the Court find that the plea colloquy transcript adequately shows that Petitioner's plea was valid and showed no evidence of trial court or prosecutorial coercion, Petitioner's assertions in grounds for relief four and five that his counsel was ineffective for failing to report such conduct must fail.

Additionally, the undersigned recommends that the Court find that Petitioner's sixth, seventh and eighth grounds for relief of ineffective assistance of counsel are without merit.  Petitioner alleges in his sixth ground for relief that his counsel was ineffective because he failed to investigate his case and to contact witnesses.  ECF Dkt. #1 at 13.  Petitioner alleges in his seventh ground that his counsel was ineffective because he failed to advocate his cause and stated that Petitioner had no choice but to enter a guilty plea.  *Id*. at 14.  Petitioner's eighth ground for relief alleges that counsel was ineffective and violated his constitutional rights because he fabricated to the trial court a mitigating circumstance that Petitioner had an abusive childhood.  *Id*. at 15.

In order to prevail on a claim of ineffective assistance of trial counsel, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial.  *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to warrant reversal of a conviction, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Court scrutiny of defense counsel review must be "highly deferential."  *Id*. at 689.  Decisions that "might be considered sound trial strategy" do not constitute the ineffective assistance of counsel.  *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).  Trial counsel's tactical decisions are not completely immune from Sixth Amendment review, but they must be particularly egregious before they will provide a basis for relief.  *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996), quoting *Strickland,* 466 U.S. at 691, quoted in *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir.1989), *cert. denied*, 495 U.S. 961 (1990). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992) (en banc), *cert. denied*, 508 U.S. 975 (1993).

Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact entitled to de novo review. See *Strickland*, 466 U.S. at 698, 104 S.Ct. 2052; *Groseclose v. Bell*, 130 F.3d 1161, 1164 (6th Cir.1997) ("An ineffective assistance of counsel claim presents a mixed question of law and fact, for which both the state-court and district-court determinations are subject to *de novo* review by this court."). As a consequence, they are not findings of "historical facts" that are subject to the Section 2254(e)(1) presumption of correctness for state court factual findings. *McGhee v. Yukins*, 229 F.3d 506, 513 (6th Cir.2000).

In *Strickland*, the Court outlined the parameters of what it described as "counsel's duty to investigate":

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

*Strickland*, 466 U.S. at 690–91, 104 S.Ct. 2052 (emphasis added). "Under this standard, counsel is required to conduct investigation at least to the extent necessary to determine that no further investigation is necessary." *Storey v. Vasbinder*, 657 F.3d 372, 390-91 (6th Cir.2011). "It is Petitioner who must bear the burden of showing that counsel's actions were not part of a sound trial strategy." *Lopez v. U.S*, No. 1:04CV391, 2006 WL 240048, at *23 (N.D. Ohio Aug. 18, 2006), unpublished, citing *Strickland*, 466 U.S. at 693. In addition, Petitioner must also show that his counsel's lack of investigation "actually had an adverse effect on the defense." *Id.*

In this case, the plea colloquy transcript shows that Petitioner told the court that he was satisfied with his counsel's representation.  The trial court asked Petitioner if his counsel had done everything that he wanted him to do and Petitioner said yes.  ECF Dkt. #12-18 at 32.  Petitioner answered "no" when the court asked if there was anything else that he would have liked his counsel to do that he did not or that counsel ought to have done, such as talking to some witnesses or filing any motions.  *Id*. at 32.  Petitioner also responded that there was nothing that he wished his attorney had done differently.  *Id*. at 33.  Thus, the plea colloquy in this case belies Petitioner's assertions of ineffective assistance of counsel for failing to investigate or contact witnesses.

Further, while Petitioner asserts in his Traverse that his counsel was ineffective for failing to investigate the facts of his case, and in failing to interview the victim or Petitioner's witnesses, he fails to identify the favorable evidence that the victim could have possibly provided and fails to identify the other witnesses that counsel should have investigated or the favorable evidence or testimony that they would have provided.  Moreover, the letters between Petitioner and his counsel that he attaches to his federal habeas corpus petition and Traverse show that counsel did investigate the case and discussed legal strategies with Petitioner.  ECF Dkt. #13 at 56-57 (January 22, 2008 letter from Petitioner to trial counsel where Petitioner states that his counsel arrived at the hearing on a motion to suppress, they discussed and planned entering a "no contest" plea if the motion to suppress were overruled and discussed appeal options of motion to suppress); ECF Dkt. #1-2 at 4 (January 24, 2008 letter from counsel to Petitioner reviewing that he had met with the prosecution regarding the possibility of a plea bargain and the availability of an agreed recommended sentence and judicial release and that he and Petitioner had discussed arguments regarding the search of Petitioner's computer); ECF Dkt. #13 at 59- 62 (February 21, 2008 letter from Petitioner to counsel indicating that counsel discussed a plea bargain every time that they met, counsel indicated to Petitioner that he "thought long and hard" about his case, they discussed photos that would be used as evidence against Petitioner, and counsel indicated that he would talk to other attorneys about case).  In addition, Petitioner includes as an exhibit to his Traverse his trial court's answer to Petitioner's complaint against him in Jefferson County Court of Common Pleas in which counsel admits that he was unable to interview witnesses that Petitioner identified because Petitioner was unable to provide the witnesses last names or contact information.  ECF Dkt. #13 at 41.  Counsel also

admits in that answer that he did not directly interview the victim but he had access to and reviewed all statements from the victim, the victim's brother and her mother.  *Id*. at 41.

The undersigned calls to the Court's attention that most of the letters that Petitioner attached to his Traverse both to and from his counsel contain redacted sentences at some critical junctures of the letters.  For instance, in his January 22, 2008 letter to counsel, Petitioner states "I have seen some of the photos."  ECF Dkt. #13 at 57.  The next sentence is then redacted and followed by a sentence regarding that he was not guilty of pandering matter.  *Id*.  In the March 7, 2008 letter from counsel to Petitioner, the sentence before "[y]ou will recall pointing out that one of those photos was you and one of your girlfriends having sex, not you and your stepdaughter" is redacted.  *Id*. at 66.  Further, the whole closing paragraph of this letter is redacted.  *Id*. at 67.

Nevertheless, based upon the plea colloquy transcript and the letters of both counsel and Petitioner, the undersigned recommends that the Court find that Petitioner fails to establish the ineffective assistance of counsel that he asserts in grounds for relief six and seven.

The undersigned further recommends that the Court find that Petitioner's eighth ground for relief lacks merit.  In this ground for relief, Petitioner asserts that he was denied his constitutional rights because his counsel fabricated mitigating circumstances by stating to the trial court at sentencing that Petitioner had an abusive childhood.  ECF Dkt. #1 at 15.  In their affidavits, Petitioner, his mother, and his aunt stated that Petitioner was not abused as a child and they never told counsel that he was abused.  ECF Dkt. #1-2 at 3.

At the sentencing, which immediately followed the change of plea, Petitioner's counsel stated that "there is history here in his own family.  I will tell you - - we won't have the opportunity to take this testimony but there's - - and this is predictable, Your Honor.  I'll just say this.  In his own family there was abuse when he was young.  His own siblings were abused."  ECF Dkt. #12-18 at 36-37.  Petitioner's counsel then stated that he had interviewed Petitioner's family members at length and they believed that Petitioner was victimized.  *Id*.  Counsel further stated that Petitioner's "background growing up and what his immediate family members underwent and probably he was either around or subjected to himself had everything to do in my view in any evidence as to what happened last summer."  *Id*. at 37.

Petitioner's counsel did not definitively state that Petitioner himself was abused as a child, although he did suggest the possibility.  However, Petitioner was given the opportunity to make a statement immediately following his counsel's statements, but he did not correct or clarify counsel's statements.  ECF Dkt. #12-18 at 37-38.  Rather, he merely stated that he was sorry that "this all took place."  *Id*. at 38.  In addition, in none of the letters that Petitioner penned to his counsel did he mention that counsel fabricated this evidence at his sentencing, although he pointed out all of the other alleged errors made by counsel.  Moreover, even if counsel's statements were false and Petitioner can establish that counsel deliberately fabricated such statements which constituted deficient performance, Petitioner fails to show prejudice resulting from this statement.

**VI.**	**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted all of his grounds for relief.  ECF Dkt. #1.  In the alternative, the undersigned recommends that the Court find that Petitioner's grounds for relief fail on their merits.  Accordingly, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice.

Date: December 8, 2011	*s/George J. Limbert*
	GEORGE J. LIMBERT
	UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).